RAPID TRUCK LEASING, INC., *et al.*, Plaintiffs-Appellees, *v.* ILLINOIS COMMERCE COMMISSION, Defendant-Appellant.—(ASSOCIATED TRUCK LINES, INC., *et al.*, Intervening Defendants-Appellants.)

Fourth District    No. 17438

Opinion filed May 6, 1982.—Modified opinion filed on denial of rehearing August 10, 1982.

Edward D. McNamara, Jr., and Leslieann G. Maxey, both of Springfield, for appellant Associated Truck Lines, Inc.

Tyrone C. Fahner, Attorney General, of Chicago (Hercules F. Bolos and Allen C. Wesolowski, Assistant Attorneys General, of counsel), for appellant Illinois Commerce Commission.

Robert T. Lawley, of Springfield, for appellees.

JUSTICE SCOTT delivered the opinion of the court:

On September 5, 1975, Rapid Truck Leasing, Inc., a regulated motor carrier, petitioned the Illinois Commerce Commission to purchase all the outstanding stock of Goodwine Trucking Co., also a regulated motor carrier, pursuant to the provisions of section 18—309 of the Illinois Vehicle Code (Ill. Rev. Stat. 1975, ch. 95½, par. 18—309). In an order dated May 4, 1977, rendered at the conclusion of public hearings, the commission authorized Rapid Truck to acquire control of Goodwine, but limited the operating authority of Goodwine in contrast to the authority granted in the certificate previously issued. Specifically, the cargo Goodwine was permitted to carry and the points from which Goodwine could originate shipments were both limited.

Rapid Truck, unhappy with the commission's order, appealed to the Circuit Court of Sangamon County. In a December 21, 1978, opinion, the circuit court held that the commission's order was based on improper findings and was against the manifest weight of the evidence. On review of the circuit court opinion, the appellate court concluded that the "Commission's order did not make sufficient findings to allow judicial review of the issues," further noting that without sufficient findings it could not "reach the question of whether the commission's decision was against the manifest weight of the evidence." (*Knox Motor Service, Inc. v. Illinois Commerce Com.* (1979), 77 Ill. App. 3d 590, 396 N.E.2d 280.) The appellate court remanded the matter to the commission for further proceedings consistent with its opinion.

The appellate court in *Knox* did not expressly mandate whether the findings which it required should be based upon the existing record or whether supplemental evidence should be elicited on remand. Upon

remand, the commission, in a decision that was protested by Rapid Truck, conducted further hearings and permitted certain motor carriers who had intervened in the cause to present oral and documentary evidence relative to the issue of whether and to what extent economic harm would result to them from a broader grant of authority to Goodwine. Following these supplemental hearings, the commission handed down an order dated December 10, 1980, which again modified the operating authority of Goodwine, but to a lesser extent than the May 4, 1977, commission order. Again Rapid Truck sought judicial review of the commission's decision, arguing that the commission lacked authority to hold supplemental hearings. In a decision rendered August 3, 1981, the Circuit Court of Sangamon County concurred with Rapid Truck's position, finding that it was error to conduct further hearings following remand and to consider evidence from such hearings in its post-remand order. Accordingly, the circuit court set aside the December 10, 1980, order and again remanded the cause to the commission. For a second time, the commission has prosecuted an appeal to this court seeking to overturn the order of the circuit court.

Essentially, the commission's position is that the appellate court decision in *Knox* referenced the case of *Cooper v. Illinois Commerce Com.* (1977), 49 Ill. App. 3d 398, 364 N.E.2d 396, as the precedent controlling the commission's power to narrow the operating authority of motor carriers in circumstances like those of the instant case. The *Cooper* decision was handed down subsequent to the commission's 1977 decision, and the commission asserts that *Cooper* expanded the scope of evidence that would be relevant to the issue of transferring operating authority from one motor carrier to another. The commission concludes its argument by urging that common sense dictates that supplementary evidence must be received to make the findings necessitated by *Cooper* and *Knox* when such evidence was originally excluded from the record as irrelevant based upon a mistake of law. We cannot agree with the commission's initial premise.

We first observe that an order remanding a cause to the commission does not automatically require additional hearings or evidence. The question in each case is whether additional hearings or evidence are necessary to enable the commission to comply with the remanding court's mandate. (*City of Alton v. Alton Water Co.* (1962), 25 Ill. 2d 112, 182 N.E.2d 665.) On first reading, the *Knox* decision clearly creates no such necessity. All that is required is for the commission to make findings, *i.e.*, draw conclusions from the evidence in the record, so as to permit judicial review of the commission's order. We might agree with the commission that supplementary proceedings were necessary if the conclusions required by *Cooper* and *Knox* could not be drawn because the law as declared by a

subsequent court proceeding left the record incomplete. This is not, however, true in the case at bar.

The commission contends that evidence of harm to intervenors was considered irrelevant when its initial order was entered, and only after *Cooper* did such evidence become relevant. In fact, in allowing transfers of operating authority from one motor carrier to another, the commission has always been charged to determine "that the transaction proposed will be consistent with the public interest and the policy declared * * *." (Ill. Rev. Stat. 1975, ch. 95½, par. 18—309(c).) Evidence of harm would be relevant to the question of whether the transfer would be consistent with the public interest. (*Jenkins Truck Line, Inc. v. Illinois Commerce Com.* (1981), 96 Ill. App. 3d 650, 422 N.E.2d 640.) Not only was the issue of harm to other motor carriers relevant at the time the initial hearings were conducted, but the very intervening carriers who later testified at the supplementary hearings were given ample opportunity to present their case in the first instance. The intervenors failed to appear and testify after being granted four continuances for the express purpose of doing so. We find nothing in the *Knox* opinion which would necessitate the supplemental hearings held by the commission, particularly when there was no good reason for the intervenors' failure to present the supplementary evidence in the initial hearing. *Cf. Texas Oil & Gas Corp. v. Railroad Com.* (Tex. Cir. App. 1978), 575 S.W.2d 348.

We conclude that the order of the Circuit Court of Sangamon County is affirmed and that this case is remanded to the commission in order that findings may be made and a decision rendered consistent with the views expressed herein.

Affirmed in part and remanded for further proceedings.

HEIPLE and BARRY, JJ., concur.